IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joseph Agramonte, | ) | C/A No. 0:14-3399-MGL-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| Travis Bragg, Warden, FCI Bennettsville, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The petitioner, Joseph Agramonte ("Petitioner"), a self-represented prisoner confined at Federal Correctional Institution ("FCI") Bennettsville, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) DSC. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

I.      **Factual and Procedural Background**

The Petition states that, while incarcerated at FCI Fort Dix on March 12, 2012, Petitioner was charged with "Giving Or Receiving Money From Any Person For Any Illegal Contraband or Prohibited Purpose." (ECF No. 1 at 11.) The Petition alleges that an incident report was prepared on August 8, 2012, and written notice of the charge was presented to Petitioner that same day. (Id.) However, Petitioner claims that the disciplinary hearing was extended by the Warden, without notice to Petitioner in violation of 28 C.F.R. § 541. (Id.) Petitioner further claims that he never received notice of the postponed hearing date. (Id.) Petitioner asks this court to vacate the disciplinary conviction, which he claims resulted in the loss of good-time credits. (Id. at 1, 9.)

PJG

Because Petitioner did not provide all of the documents necessary for initial review, the court issued an order on September 5, 2014, directing him to bring this case into proper form.  (ECF No. 6.)  The order specifically directed Petitioner to clarify whether the instant Petition challenges the same disciplinary conviction at issue in a previous § 2241 action filed by Petitioner in this court.  (Id. at 1-2; see also ECF No. 1 at 8.)  In response to the court's order, Petitioner filed a reply indicating that "the underlining case was previously challenged" in Agramonte v. Bragg, C/A No. 0:13-1956-MGL-PJG (D.S.C. July 18, 2013) (dismissed without prejudice June 10, 2014).  (ECF No. 11 at 1.) Petitioner also provided documents reflecting "the date and other information concerning the challenged disciplinary conviction."  (Id.; see also ECF No. 11-1 at 2-4.)  However, the documents submitted relate to a disciplinary hearing conducted on July 5, 2012, for the possession, manufacture, introduction of a hazardous tool on June 8, 2012.  (ECF No. 11-1 at 2.)  As the instant Petition cites a different disciplinary charge from March of 2012, it remains unclear whether Petitioner is attempting to re-litigate the issues discussed in his prior habeas petition.

## II.    Discussion

### A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases,[1] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972);

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).



Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions.  Erickson v. Pardus, 551 U.S. 89 (2007).  *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true.  Erickson*,* 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

*PJG*

**B.    Analysis**

**1.    Giving or receiving money from any person for any illegal contraband or prohibited purpose on March 12, 2012.**

The Petition alleges that Petitioner was "deprived of due process of law involved in the prison disciplinary proceedings" resulting from the March 12, 2012, charge of giving or receiving money from any person for any illegal contraband or prohibited purpose.  (ECF No. 1 at 11.) Disciplinary proceedings which implicate a protected liberty interest demand due process, see Wolff v. McDonnell, 418 U.S. 539 (1974), and the instant Petition alleges that Petitioner lost good conduct time credits as a result of the disciplinary conviction associated with the March 2012 charge.  Thus, under Wolff, Petitioner was entitled to the following:  (1) written notice of the charges at least twenty-four hours in advance of the hearing; (2) written findings as to the evidence relied upon and reasons for the disciplinary action; and (3) the right to call witnesses and present evidence in his defense, provided there is no undue hazard to institutional safety or correctional goals.  Wolff, 418 U.S. at 563-67.  Additionally, Wolff holds that an inmate should be permitted to seek counsel substitute (a fellow inmate or a prison employee) if he is illiterate or in complex cases that he cannot handle alone, and he is entitled to have the charges adjudicated by a fair and impartial tribunal.  Id. at 569-71.

In this case, Petitioner acknowledges that he received written notice of the March 2012 charge on August 8, 2012, and he provides no factual allegations to demonstrate that a disciplinary hearing was conducted less than twenty-four hours after he received such notice.  Instead, Petitioner complains of delay in the disciplinary process allegedly caused by an extension of the hearing date without proper notice of the extension or delayed hearing.  The court notes that the Petition provides



no indication that Petitioner was unable to present witnesses or evidence at the hearing, that he failed to receive a written statement of the evidence relied upon at the hearing, or that he was otherwise prejudiced by the delay in his disciplinary hearing.  Petitioner also fails to contend that the tribunal was not fair and impartial.  Accordingly, the Petition shows that Petitioner received advance written notice of the March 2012 disciplinary charge and all of the due process to which he is entitled under Wolff.

Petitioner further alleges that the disciplinary hearing associated with the March 2012 charge "was conducted in violation of 28 Code of Federal Regulations, part 541, because the Petitioner was not timely advised of the reasons for delaying the DHO Hearing" and did not receive "notice of the hearing date as a result." (ECF No. 1 at 11.)  However, "[v]iolations of BOP regulations do not equate to a violation of due process."  Guerra v. Atkinson, C/A No. 4:13-2062-MGL, 2014 WL 1400808, at *7 (D.S.C. Apr. 10, 2014) (adopting and incorporating report and recommendation) (collecting cases); see also Jones v. Cross, 637 F.3d 841, 846 (7th Cir. 2011) (stating that delays in holding a disciplinary hearing do not impose an atypical or significant hardship warranting due process protection); Garcon v. Cruz, C/A No. 6:13-2450-RMG, 2014 WL 5106893, at *4 (D.S.C. Oct. 10, 2014) (holding that the "failure of prison officials to follow their own internal policies, procedures or regulations alone is insufficient to make out a due process violation when a protected liberty interest is evident as long as the constitutionally required minimum is met") (internal quotation marks and citation omitted).  Therefore, Petitioner's due process claims associated with the March 2012 disciplinary charge are subject to summary dismissal.

PJG

> **2.**    **Possession, manufacture, and/or introduction of a hazardous tool on June 8, 2012.**

To the extent Petitioner is attempting to challenge the disciplinary hearing held on July 5, 2012, for possessing, manufacturing, and/or introducing a hazardous tool on June 8, 2012, the instant Petition is subject to summary dismissal as a duplicate filing.  As indicated above, Petitioner has filed a prior § 2241 habeas petition challenging the disciplinary proceeding associated with the June 2012 charge.  See Agramonte v. Bragg, C/A No. 0:13-1956-MGL (D.S.C. July 18, 2013).  Because the instant Petition contains no new allegations to state a cognizable due process claim, any attempt to re-litigate such a claim should be dismissed in the interests of judicial economy and efficiency. See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.").

### III.    Conclusion

Accordingly, the court recommends that the Petition in the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 7, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

Page 6 of  7

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).