

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| JOSEPH AGRAMONTE, | § |
| Petitioner, | § |
| | § |
| vs. | § CIVIL ACTION NO. 0:14-3399-MGL-PJG |
| | § |
| TRAVIS BRAGG, Warden, FCI Bennettsville, | § |
| Respondent. | § |

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PETITIONER'S HABEAS PETITION WITHOUT PREJUDICE
AND WITHOUT REQUIRING RESPONDENT TO FILE A RESPONSE

This case was filed as a 28 U.S.C. § 2241 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Petitioner's petition for habeas relief be dismissed without prejudice and without requiring Respondent to file a response. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 7, 2014, and the Clerk of Court entered Petitioner's objections on December 2, 2014. The Court has carefully considered the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Petitioner is presently incarcerated at the Federal Correctional Institution at Bennetsville. He challenges a July 5, 2012, disciplinary hearing for possessing, manufacturing, and/or introducing a hazardous tool on June 8, 2012. But, Petitioner has already challenged this disciplinary hearing in a previously filed § 2241 habeas action. *See Agramonte v. Bragg*, C/A No. 0:13-1956-MGL (D.S.C. July 18, 2013). As the Magistrate Judge noted, "[b]ecause the instant Petition contains no new allegations to state a cognizable due process claim, any attempt to re-litigate such a claim should be dismissed in the interests of judicial economy and efficiency." Report 6 (citing *Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.")). As such, the Court will dismiss the petition.

In Petitioner's objections, he does nothing more than argue that he was "deprived of procedural due process" in regards to his July 5, 2012, disciplinary hearing. Objections 2. But, that argument was considered and rejected in his previous case. Thus, his objections will be overruled.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Petitioner's objections, adopts the Report to the extent that it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of this Court that Petitioner's petition for habeas relief is **DISMISSED WITHOUT PREJUDICE** and without requiring Respondent to file a response.

An order denying relief in a § 2241 proceeding such as this is not appealable unless a circuit or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability will issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court has reviewed the petition, the record and the applicable case law and concludes that Petitioner has failed to make the requisite showing. Therefore, to the extent that Petitioner requests a certificate of appealability from this Court, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 8th day of December, 2014, in Spartanburg, South Carolina.

> s/ Mary G. Lewis
> MARY G. LEWIS
> UNITED STATES DISTRICT JUDGE

*****

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.